## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TODD M. SOWELL, #238581, | ) ) |
| Petitioner, | ) CIVIL ACTION NO. 9:14-1008-JMC-BM ) ) |
| v. | ) **REPORT AND RECOMMENDATION** ) |
| JOSEPH L. MCFADDEN, WARDEN, | ) ) ) |
| Respondent. | ) ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on March 19, 2014.

The Respondent filed a return and motion for summary judgment on August 18, 2014. As the Petitioner is proceeding pro se, a Roseboro order was filed on August 21, 2014, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. On August 22, 2014, Respondent filed an additional attachment, and Petitioner filed a response in opposition on September 24, 2014.

This matter is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

1



**Procedural History**

Petitioner was indicted in Richland County in June 2005 for burglary in the first degree [Indictment No. 05-GS-40-393]. (R.pp. 335-336). Petitioner was represented by Richland County Public Defenders Maxwell G. Schardt and E. Deon O'Neil. After a jury trial on March 15-16, 2007, Petitioner was found guilty as charged, and was sentenced to twenty (20) years imprisonment. (R.pp. 313, 324, 337).

Petitioner filed a timely appeal on which he was represented by Appellate Defender Robert M. Pachak. Counsel filed an Anders[2] brief requesting to be relieved and raising the following issue:

> Whether the trial court erred in refusing to grant a directed verdict to the charge of first degree burglary when the State failed to prove the appellant entered the dwelling with the intent to commit a crime?

See Brief, p. 3 (Court Docket No. 19-6, p. 4).

Petitioner then filed his own pro se brief raising the following issues:

> **Ground One:** Did the trial court err in failing to find this prosecution is barred by the second protection of the double jeopardy clause?
>
> **Ground Two:** Did the rulings on evidence allow relevant issues in the case to be heard, that the truth may be ascertained?
>
> **Ground Three:** Whether the trial court erred in refusing to grant a directed verdict to the charge of first degree burglary when the state failed to prove that appellant entered the dwelling with the intent to commit a crime?

---

[2]Anders v. California, 386 U.S. 738 (1967). Anders requires appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Anders, 386 U.S. at 744.



See Final Pro Se Brief, p. 3 (Court Docket No. 19-7, p. 8).

On January 15, 2009, the South Carolina Court of Appeals granted counsel's request to be relieved and denied the appeal in its entirety. See State v. Todd Sowell, 2009-UP-040 (S.C.Ct.App. Jan. 15, 2009)(Court Docket no. 19-8). Petitioner filed a pro se petition for rehearing, which the Court of Appeals denied on March 24, 2009. See Court Docket Nos. 19-9 and 19-10. Petitioner then sent a Petition for Writ of Certiorari to the Supreme Court of South Carolina, which summarily dismissed Petitioner's filing on procedural grounds in an order dated April 6, 2009, citing State v. Lyles, 673 S.E.2d 811, 813 (S.C. 2009)[holding that the Supreme Court of South Carolina will not "entertain petitions for writ of certiorari where the Court of Appeals has dismissed an appeal after conducting an Anders review]. See Court Docket Nos. 19-11 and 19-12. The Court of Appeals thereafter sent the Remittitur to the Richland County Clerk of Court on April 8, 2009. See Court Docket No. 19-13.

On April 14, 2009, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. See Sowell v. State of South Carolina, No. 2009-CP-4002686. (R.pp. 338-343). The APCR raised the following issues:

> **Ground One:** Double Jeopardy.  Appellant was previously tried for the same act in Magistrate['s] Court. S.C. Code Ann. § 17-23-20 completely bars this prosecution, as well as S.C. Const. Art. I, § 12; U.S.C.A. Const. Amend. V;
>
> **Ground Two:** Ineffective assistance of counsel.  Ineffective utilization of discovery procedures, failure to 1. subpoena witness, 2. preserve Speedy Trial violation, 3. Advise of Jackson v. Denno procedure, 4. Assert consent defense, 4.  [appellate counsel failed] to raise preserved issues; and
>
> **Ground Three**: Prosecutorial Misconduct.  Unfair or improper remarks about defendant and counsel, reference to previous convictions, presentation of false evidence, [and] material misstatements of law, and fact.

3



(R.pp. 339-340).

Petitioner was represented in his APCR by Tommy Thomas, Esquire, and an evidentiary hearing was held on Petitioner's application on April 14, 2010. (R.pp. 348-412). In an order filed April 6, 2011, the PCR judge denied relief on the APCR in its entirety. (R.pp. 413-422).

Petitioner next filed a timely appeal of the PCR court's order. See Court Docket No. 19-15. (Case No. 2009-CP-40-02686). Petitioner was represented on appeal by Kathrine Hudgens, Esquire, who raised the following issues:

> 1. Did the PCR judge [err] in refusing to find counsel ineffective for failing to object to the introduction in evidence of petitioner's conviction for criminal domestic violence and referencing the conviction several times when the incident took place the same night of the burglary charge upon which petitioner proceeded to jury trial and involved the same alleged victim?
>
> 2. Did the PCR judge err in refusing to find counsel ineffective for conceding that petitioner did not have permission to enter the residence involved in the burglary charge when petitioner and his fiancee had recently lived together at the residence, petitioner told counsel he had consent to enter and in petitioner's statement to the police he told them he entered the residence to remove some of his things and did not believe anyone was at home.

See Petition, p. 2 (Court Docket No. 19-15, p. 3).

On May 16, 2013, the South Carolina Supreme Court denied Petitioner's writ of certiorari. See Court Docket No. 19-17. The Remittitur was sent down on June 3, 2013. See Court Docket No. 19-18.

Petitioner then filed a pro se Petition for Writ of Certiorari to the United States Supreme Court; Sowell v. South Carolina, No. 13-5831 (Court Docket No. 19-19); in which he presented the following issue:

> Under the double jeopardy clause, prosecution for the greater crime after prosecution for the lesser is impermissible. The State Courts held Petitioner's magistrate offenses

4



didn't prevent felony conviction under Blockburger[3]. Does double jeopardy prohibit multiple trials on related charges even if Blockburger allows charges in a single proceeding?

See Court Docket No. 19-19, p. 4.

The United States Supreme Court denied certiorari in a letter Order filed on October 15, 2013. See Court Docket No. 19-20.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following issues:

**Ground One:** Unreasonable application of clearly established federal law.

**Supporting Facts:** Counsel conducted a defense premised on guilt, overriding Sowell's not-guilty plea. In the burglary trial, counsel conceded that Sowell didn't have lawful possession of the residence he shared with his fiancee. Further, Counsel stressed to the jury that he was wrong to be there. The PCR order found (1) [c]ounsel acted [reasonably] in failing to argue consent, and (2) testimony is needed to overcome the prejudice prong.

Counsel cannot waive a defendant's constitutional right to plead not guilty. Brookhart v. Janis, 384 U.S. 1 (1966). In the burglary trial, Counsel conceded that the Petitioner didn't have lawful possession of the residence he shared with his fiancee. The PCR order found Counsel acted [reasonably] in failing to argue consent, and (2) testimony is needed to overcome the Strickland prejudice standard. Does the order fall under the "unreasonable application" criterion of 28 U.S.C. 2254(d)(1)?

See Petition, p. 6 & Attachment, p. 1.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is

---

[3]Blockburger v. United States, 284 U.S. 299 (1932).



charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

Petitioner contends that his counsel was ineffective for not arguing that Petitioner had consent to enter the burglarized dwelling and, instead, conceded that Petitioner did not have permission to enter the dwelling at issue. Petitioner contends that his counsel's ineffectiveness is demonstrated because: (1) he and his fiancee had recently lived together at the residence; (2) he told counsel he had consent to enter; and (3) in his statement to the police, he told them he entered the residence to remove some of his things and that he did not believe anyone was at home. See Memorandum in Opposition to Summary Judgment, pp. 2, 13. Petitioner also contends that his counsel was ineffective for not arguing that he was a "tenant at-will" who had not been properly ejected from the residence, and that his counsel violated his constitutional rights by effectively voiding his not guilty plea by admitting to several elements of the burglary first charge. See Memorandum in Opposition to Summary Judgment, pp. 6-7, 19-21.

However, while Petitioner raised arguments in his PCR proceeding related to ineffective assistance of counsel due to his counsel's failure to argue that he had consent to enter the dwelling and counsel's admission that several elements of burglary first were met in Petitioner's case [see discussion, infra], Petitioner did not raise the issues regarding ineffective assistance of counsel



for failure to make a tenant-at-will argument or that his counsel effectively voided his not guilty plea. Accordingly, Respondent argues, and the undersigned agrees, that those issues (tenant-at-will and counsel's action effectively voiding Petitioner's not guilty plea) are procedurally barred from consideration by this Court because they were not raised in Petitioner's PCR proceedings. Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert, denied, 528 U.S. 959 (1999)"In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court.... That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.] (quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir.1995) (quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir.1994)).

Because Petitioner did not properly raise and preserve these issues in his PCR proceedings, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas



Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.  However, even though otherwise exhausted, because these issues were not *properly* pursued and exhausted by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence.  Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316  (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Petitioner has not presented any arguments to show cause for his procedural default of these claims.  Rather, he contends that these issues are *not* procedurally defaulted because the premise for them was "sown" at his PCR hearing.  See Memorandum in Opposition to Summary Judgment, p. 9.  However, while Petitioner did testify during his PCR hearing that his counsel was ineffective for failing to argue consent as a defense, he made no arguments to the PCR court that he was a tenant "at will", who had not been properly evicted, or a tenant who had any rights to enter the premises.  Petitioner also did not argue at his PCR hearing that his constitutional rights were violated by his counsel's actions allegedly voiding his plea of not guilty, nor did the PCR court address either



of these two issues in its order.[4]  Therefore, these issues were not preserved for federal habeas review; Joseph, 184 F.3d at 328; Townes, 68 F.3d at 846; Mallory, 27 F.3d at 995; and since Petitioner has failed to even present any argument as to cause, he has failed to show cause for his procedural default on these issues.  Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Finally, to the extent Petitioner is arguing that he is actually innocent, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004).  Petitioner has failed to present any new, reliable evidence of any type

---

[4] If Petitioner wanted these issues considered and ruled on by the PCR court and they were not, a motion for the PCR court to reconsider its order denying his APCR was necessary with regard to the issues not raised in his PCR if Petitioner wanted to assert or preserve these issues.  Al-Shabazz v. State, 527 S.E.2d 742, 747 (S.C. 2000)[A "party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order."] (citing  Pruitt v. State, 423 S.E.2d 127, 128 n. 2 (S.C. 1992)[issue must be raised and ruled on by the PCR judge in order to be preserved for review]; Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007)["Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . ."]; Humbert v. State, 548 S.E.2d  862, 865 (S.C. 2001); Plyler v. State, 424 S.E.2d 477,  478-480 (S.C. 1992)[issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review]; see also Rule 59(e), SCRCP [providing avenue for any party to move to alter or amend a judgment if they believe necessary matters not addressed in original order]; Primus v. Padula, 555 F.Supp.2d 596, 611 (D.S.C. 2008); Smith v. Warden of Broad River Correctional Inst., No. 07-327, 2008 WL 906697 at * 1 n. 1 (D.S.C. Mar. 31, 2008); McCullough v. Bazzle, No. 06-1299, 2007 WL 949600 at * 3 (D.S.C. Mar. 27, 2007)(citing Al-Shabazz, 577 S.E.2d at 747).  While the Fourth Circuit has held that, prior to the decision of the South Carolina Supreme Court in Marlar, South Carolina courts had not consistently applied the procedural bar based on a PCR applicant's failure to file a Rule 59(e) motion; see Bostick v. Stevenson, 589 F.3d 160, 164-165 (4th Cir. 2009); here, the PCR court's order was filed on April 6, 2011, well after the South Carolina Supreme Court's decision in Marlar in November of 2007.  Marlar, 653 SE.2d 266.  Therefore, Petitioner's failure to file a Rule 59(e) motion bars these claims.  See Marlar v. Warden, Tyger River Correctional Institution, 432 Fed.Appx. 182, 186-188 (4th Cir. May 25, 2011).



that was not presented in any of his prior court proceedings which supports his innocence on the criminal charges to which he was found guilty. See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim). Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if these claims are not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995). Therefore, these claims are procedurally barred from consideration by this Court.

## II.

Petitioner's remaining claims of ineffective assistance of counsel regarding consent and conceding certain elements of the murder first charge were raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition, and were exhausted pursuant to Petitioner's appeal of the PCR order to the State Supreme Court. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Sowell v. State of South Carolina, No. 09-CP-40-2686.

Specifically, the PCR judge found that: 1) Petitioner claimed his trial counsel was

10



ineffective for failing to argue consent in his case; 2) the evidence did not support an argument of consent; 3) Petitioner's statement to law enforcement was admitted at trial; 4) this statement directly contradicted any argument of consent that counsel could have made; 5) counsel's failure to argue consent was reasonable under prevailing professional norms when the weight of the evidence would not have borne such a claim; 6) Petitioner also failed to demonstrate any prejudice or deficient performance from counsel's failure to argue consent, when that theory was in fact contrary to the weight of the evidence in the case; 7) an obvious twist to this argument was presented at the PCR hearing suggesting that, but for ineffective assistance of counsel, Petitioner's statement to the police would not have been admitted; 8) however, that argument failed because for the Petitioner to attempt to argue consent he would have to testify to the same, and by doing so would have contradicted his earlier statement to the police and that statement (or its premise if making the statement was denied) would have been admissible as a prior inconsistent statement; 9) that when trial counsel spoke of how Petitioner had "confessed" to several elements of the crime, he stated that it was really a "statement of [Petitioner's] innocence" because it lacked any intent to commit a crime, and was obviously an attempted trial strategy to bolster Petitioner's credibility; 10) that trial counsel was not ineffective for failing to challenge the admission of Petitioner's CDV conviction as it was relevant to what Petitioner's intentions were when he entered the house; 11) that trial counsel was not ineffective for failing to argue his burglary prosecution was double jeopardy in light of his previous CDV conviction, as Petitioner's conduct clearly violated two separate and distinct statutory provisions; and 12) any remaining allegations not raised at his hearing had been waived.[5]  (R.pp. 416-421).

---

[5]The PCR court also made findings related to several other claims which are not presented in this federal habeas petition, and have therefore not been set out hereinabove. (R.pp. 416-420).

11



Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claims, to the extent that they were raised in his PCR, were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved



an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996). As discussed hereinbelow, infra, Petitioner has failed to meet his burden of showing that his counsel was ineffective under this standard. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

The victim testified at trial that she had asked Petitioner to leave her apartment upon returning from the hospital; that their relationship was over; that he was no longer living with her on December 1, 2004; that he took his things when he moved out; that he did not have her consent to



enter the apartment; and that he had to physically force his way into her apartment. (R.pp. 108-112, 124-125). However, Petitioner testified at the PCR hearing that the apartment he was charged with having burglarized was "our apartment", and that he had been staying there with his girlfriend for six months. (R.p. 361). Petitioner also testified that while he entered the dwelling, it was not with the intent to commit any crime. Petitioner testified that he entered the dwelling, but not without consent, to get his stuff out of the house. (R.p. 362). Petitioner testified that he and his counsel discussed consent, but that his counsel told him that he was going to argue that Petitioner didn't have the intent to commit a crime, because he wanted to just get his stuff, and that he believed that his trial counsel harmed his case when he conceded in his closing argument that Petitioner did not have the right to be there. (R.pp. 368-369). Additionally, Petitioner had a CDV conviction related to this same incident, which was admitted at his trial on the burglary charge; (R.p. 375); and Petitioner contends that his counsel committed error when he did not object to the admission of his CDV charge and plea related to this incident. (R.p. 378).

Petitioner's trial counsel, Maxwell Schardt, was not present at his PCR hearing, as he could not be found despite repeated attempts by both the Solicitor and Petitioner's PCR counsel to contact him[6]. (R.pp. 350-351). The Solicitor represented to the PCR Court that Schardt was listed as inactive on the South Carolina Bar website, that he had no known address for him, and that perhaps he was now a Public Defender in Georgia. (R.p. 350). However, the case record reflects that counsel did make a pretrial motion that Petitioner was being subjected to double jeopardy because of the CDV charge, to which he had already plead guilty, but that the trial court denied that motion and held that

---

[6]Counsel Schardt and his representation of the Petitioner was the focus of the PCR hearing. Although not discussed in the record of the PCR hearing, Petitioner's other trial counsel, E. Deon O'Neil, apparently was not asked to be present at his PCR hearing.

14



it could not exclude evidence related to the CDV because that's what happened in the case. (R.pp. 49-52, 378). Further, although counsel was not available to testify at the PCR hearing, the trial record shows that counsel tried to convince the jury that Petitioner went to the residence in hopes of getting back together with the victim and to possibly get some of his remaining things, and strenuously argued that Petitioner's intentions upon entry of the residence did not include harming the victim. Counsel also explained to the jury how that theory fit with the statement that Petitioner had given to the police. (R.pp. 290-293, 425-430). Trial counsel's closing argument shows that he also tried to minimize Petitioner's actions and make him appear more credible by conceding the facts that were made difficult to deny by Plaintiff's statement to the police and other evidence in the trial record. (R.pp. 290-297, 425-430).

Although Petitioner disagrees with his trial counsel's strategy with the benefit of hindsight, the strategy used by Petitioner's trial counsel gave the jury a way to believe Petitioner's version of the story that although his conduct met certain elements of burglary first that he did not have the necessary intent. (R.pp. 290-297). Further, while Petitioner also believed that his counsel should not have conceded intent, it is undisputed that the victim testified that there was no consent; that there was forced entry; that Petitioner's written statement could be viewed as also showing that he did not have consent; and that he was convicted of the CDV charge that stemmed from his December 1, 2004 altercation with the Petitioner. (R.pp. 108-125, 378-380). The Respondent also points out that Petitioner had a criminal record including, but not limited to, two prior burglaries and two stalking convictions relating to the victim in this case that the State would have attempted to introduce if counsel had testified that there was some type of agreement between Petitioner and the victim regarding having consent to enter the residence. (R.pp. 320-321).

15



In sum, although Petitioner offers his speculation that if counsel had argued that he had consent to enter the residence that would have affected the outcome of the case, this offering is insufficient to show his counsel was ineffective. While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. Id. at 688-689; Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992); Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966), cert. denied, 385 U.S. 863 (1966); Burger v. Kemp, 483 U.S. 776 (1987); see also Harris v. Dugger, 874 F.2d 756, 762 (11th Cir. 1989), cert. denied, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.].

Therefore, Petitioner has not shown that the findings and rulings of the state courts were unreasonable, or that his counsel was ineffective. United States v. Arnold, 126 F.3d 82, 89 (2d Cir. 1997)[Finding that "[t]rial counsel's strategy to concede the other elements of the offense was reasonable in light of the overwhelming evidence in the case . . . ."]; Kean v. Trombley, No. 07-14650, 2009 WL 4042922 at * 10 (E.D.Mich. Nov. 20, 2009)["This Court has consistently held that counsel's strategy of admitting defendant's guilt on some elements or crimes that the evidence strongly supports, while denying others, does not necessarily render ineffective assistance."]; Evans, 220 F.3d at 312; Williams v. Taylor, supra; Strickland v. Washington, supra.; Greene v. Fisher, 132 S.Ct. 38, 43 (2011)[observing that AEDPA's "standard of 'contrary to, or involv[ing] an unreasonable application of, clearly established Federal law' is difficult to meet, because its purpose] is to ensure



that federal habeas relief functions as guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction"]. This claim should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 16, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

